The People of the State of New York, Appellant, v. Newton L. A. Eastman, Respondent.— Judgment affirmed. All concurred.

Calogero Manzella, as Administrator, etc., of Sarah Manzella, Deceased, Respondent, v. Rochester Railway Company, Appellant.— Order affirmed, with costs, on authority of opinion in same case on former appeal, reported 105 Appellate Division, 12. All concurred, except McLennan, P. J., and Nash, J., who dissented.

Peter Plunkett, Appellant, v. Abraham Rubenstein, Respondent.— Judgment and order affirmed, with costs. All concurred, except McLennan, P. J., and Williams, J., who dissented on the ground that the case should have been submitted to the jury.

Edward Casby, an Infant, etc., Respondent, v. Elizabeth J. Lawless and Others, Appellants.— Judgment and order affirmed, with costs. All concurred, except Nash, J., who dissented.

Christopher F. Heiss, Respondent, v. Crosstown Street Railway Company of Buffalo, Appellant.— Judgment and order affirmed, with costs. All concurred; Kruse, J., not sitting.

In the Matter of the Application of The Buffalo, Lockport and Niagara Railway Company for the Appointment of Commissioners.— Application granted. Order appointing J. P. Varnum, Nelson J. Tubbs and Thomas W. Ford, of the city of Rochester, commissioners to be settled by and before Mr. Justice Nash on two days' notice. All concurred.

Amelia C. Parsons, Respondent, v. Archelaus H. Parsons, Appellant.— Motion granted conditionally. Orders to be settled by and before Mr. Justice Williams on two days' notice.

The Bell Telephone Company of Buffalo v. Albert H. Parker and Others.— Motion for leave to appeal to the Court of Appeals granted and questions for review certified.

Lillian M. Royce, Respondent, v. The Bell Telephone Company of Buffalo, Appellant.— Motion for leave to appeal to the Court of Appeals granted and questions for review certified.

Sidney Bell, Appellant, v. Morris P. Richards, Respondent.— Judgment and order affirmed, with costs. Held, that while the statute* has a broader significance than indicated in the memorandum of the trial court, we think it does not apply to a case like the one at bar, where the party sought to be charged obtained possession of the cans lawfully and with the consent of the owner. All concurred, except Williams, J., who dissented upon the ground that the trial court and the majority of this court place an improper construction upon the statute, and that under the evidence the case was one for the jury, and Spring, J., who dissented.

Andrew B. Miles, Respondent, v. Liverpool and London and Globe Insurance Company, Appellant.— Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event. Held, that the verdict is contrary to the evidence. All concurred, except Williams, J., not voting.

In the Matter of the Petition of Bissell, Metcalf & Riley, Respondent, to Determine and Enforce a Lien under Section 66 of the Code of Civil Procedure. Husted Milling and Elevator Company, Appellant.— Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event, upon the exceptions to the admission of evidence. , All concurred, except Spring, J., who dissented.

Florence E. Farmer, as Administratrix, etc., of Myron P. Farmer, Deceased, Respondent, v. New York Central and Hudson River Railroad Company, Appellant.— Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event. Held, that upon the evidence the plaintiff, as matter of law, failed to show freedom from contributory negligence. All concurred, except Spring and Kruse, JJ., who dissented.

The People of the State of New York, Respondent, v. Cyrus B. Wagar, Appellant.— Judgment and orders affirmed. All concurred, except Williams and Kruse, JJ., who dissented.

Earl D. Smith, Respondent, v. Buffalo, Rochester and Pittsburg Railway Company, Appellant.— Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event, upon the ground that the evidence fails

* See Dom. Com. Law (Laws of 1896, chap. 376) § 29, as amd. by Laws of 1900, chap. 543 and Laws of 1902, chap. 482.— [REP.